COMMERCIAL BANK *versus* NEALLY & *Trustee.*

</div>

An administrator whose intestate gave a negotiable promissory note to defendant, is not chargeable for that cause, as his trustee, though the note may have been presented by the promisee for allowance against the estate.

If, when service of the writ is made upon an administrator as trustee of defendant, the latter was surety on sundry notes of the intestate, but had paid nothing, there is no indebtment of the estate, and the trustee process is unavailing.

Not even an attachment of defendant's property on suits against him as *such surety,* would constitute a debt either absolute or contingent against the estate.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding.

ASSUMPSIT. William D. Sewall, as the administrator of Joseph Sewall, was summoned as the trustee of defendant, and on his disclosure was discharged by the presiding

Judge.   Service of the writ on trustee was made April 24, 1852.

The defendant was surety or indorser for Joseph Sewall on sundry notes and drafts, and held a note against him for $2300, the consideration of which was such contingent liabilities.

The estate of Joseph being represented insolvent, commissioners were appointed to examine and allow the claims against it, and the defendant presented his claims as such surety, on April 5, 1852, none of which had been paid by him, and they were allowed as contingent claims, and a return of them made in May following. They also allowed him on contingent claims as indorser, where his property had been attached in suits then pending, and which were commenced before the death of Joseph, and subsequently satisfied by levy on Neally's real estate.   They reported the note of $2300, as a contingent claim made before them.

The trustee disclosed an assignment of defendants' claims against said estate to one Thomas Eaton, made May 27, 1852, who became a party to these proceedings.

The disclosure was not made until April term, 1855.

It appeared that the Judge of Probate, at a court held before him March 5, 1855, had ordered the administrator to pay to defendant upon the contingent claims allowed to him, (certain of them having become absolute by payment,) the same amount allowed to other creditors, being twenty-five per cent.

*Barrows*, in support of the exceptions, contended that the 4th exception in § 63, c. 119, R. S., did not apply to trust funds in hands of an administrator.   § 43, of same chapter.

When this writ was served there was an absolute claim, the amount only was contingent.   There was also an actual damage prior to the service of the writ, which was recoverable.   *Dwinell* v. *Stone*, 30 Maine, 384.

The $2300 note was a valid subsisting claim in Neally's hands against the estate, and the mere calling it contingent

by commissioners did not make it so. *Cushing* v. *Gore*, 15 Mass. 69; *Smith* v. *Crooker*, 21 Pick. 241; *Haseltine* v. *Guild*, 11 N. H. 390.

*Bronson*, for trustee.

SHEPLEY, C. J. — The administrator of Joseph Sewall appears to have been summoned as the trustee of Neally on April 24, 1852. At that time Neally appears to have held a note for $2300, signed by Joseph Sewall and others, the consideration of which was, that Neally had become surety on other paper for Sewall. It appears to have been a negotiable note.

The intestate, while alive, could not have been adjudged to be the trustee of Neally on account of having given that note. Statute, c. 119, § 63. It could not have been the intention to make an administrator liable in such a case as trustee, by the forty-third section, for he could be no more certain than his intestate could, that the note was due to the promisee.

When service of the writ was made upon the administrator, the estate of Joseph Sewall was not indebted to Neally by reason of the notes, on which he had become surety for Sewall; for at that time Neally had not paid any thing on account of them.

The fact, that Neally's estate had then been attached on suits commenced upon them, did not create or constitute any debt either absolute or contingent due from the estate of Sewall to him. *Exceptions overruled.*